# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1999

FILED

July 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9810-CR-00412** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **V.** | ) | |
| | ) | **HON. CHERYL BLACKBURN,** |
| **MAURICE E. BOYD,** | ) | **JUDGE** |
| Appellant. | ) | **(AGGRAVATED BURGLARY)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JENNIFER LYNN THOMPSON**            **PAUL G. SUMMERS**
715 Crescent Road                    Attorney General & Reporter
Nashville, TN  37205

                                     **CLINTON J. MORGAN**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN  37243

                                     **VICTOR S. JOHNSON, III**
                                     District Attorney General

                                     **GRADY MOORE**
                                     Assistant District Attorney General
                                     Washington Square, Suite 500
                                     222 2nd Avenue North
                                     Nashville, TN  37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

From the trial court's order revoking the Defendant's sentence in the community corrections program, the Defendant appeals as of right. In his sole issue, the Defendant argues that the trial court erred by finding that he had violated conditions of his placement in the community corrections program. We affirm the judgment of the trial court.

The rather sparse record reflects that Defendant pled guilty to the offense of aggravated burglary on March 19, 1998. He received a sentence of six (6) years, to be served in the community corrections program by initially being incarcerated day-for-day for one (1) full year, followed by five (5) years outside of incarceration in community corrections supervision. With mandatory pretrial credits available, Defendant was eligible to be released from incarceration on June 8, 1998.

His release in the community was more akin to an extended field trip than permanent release from incarceration. On July 2, 1998, a violation report was filed by his supervising officer alleging a violation of a rule of community corrections, to-wit: Defendant had not properly reported to his supervising officer, having last reported on June 10, 1998, two (2) days after his release from incarceration. A hearing was held and the trial court, with the agreement of the Defendant and the State, placed him back on release in the community corrections program but increased the length of the sentence to seven (7) years. This was done on August 5, 1998.

Fifteen (15) days later, another violation report was made by the Defendant's supervising officer. The Defendant, as of August 20, 1998, had not contacted his supervising officer since being placed back into the community corrections program on August 5, 1998. On August 9, 1998, Defendant was arrested in relation to a domestic assault upon his girlfriend.

The Defendant stated that he had been in jail since August 9, 1998, and could not contact his community corrections supervisor because the office would not accept a collect call from the jail. He admitted that he did not send a letter to the supervisor or make any other efforts, other than one attempted phone call, to notify his supervising officer that he had been arrested and was in jail.

In his brief, the Defendant takes the position that since he had not been convicted of assault and because his girlfriend's parents had "pressured her" to testify against him at a preliminary hearing, that the trial court erred in finding a violation of his community corrections conditions by committing a crime. What the Defendant overlooks is that notwithstanding the status of the assault charge, the trial court found in its ruling that the Defendant did not report as required to his community corrections supervisor.

The same principles that apply to a probation revocation hearing are applicable to a community corrections revocation hearing. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The proof of a violation of community corrections requirements is sufficient if it allows the trial court to make a conscientious and intelligent judgment. The standard of review on appeal is whether the trial court abused its discretion. Only if there is no substantial evidence in the record to

support the trial court's conclusion that a violation has occurred, can there be a finding on appeal of an abuse of discretion. Id. at 82. The proof of the violation must be shown by a preponderance of the evidence. State v. Wall, 909 S.W.2d 8, 9 (Tenn. Crim. App. 1994). These standards were met by the proof.

Upon consideration of the entire record and the applicable law, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
NORMA McGEE OGLE, Judge